# UNITED STATES DISTRICT COURT
for the
Eastern District of North Carolina

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* )   Case No. 7:20-mj-1151-RJ
)
A black/navy Samsung, Model: SM-A102U, Possible )
IMEI: 3562711DL179909 )
)

## APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

A black/navy Samsung, Model: SM-A102U, Possible IMEI: 3562711DL179909 located at 736 Medical Center Drive, Ste. 200, Wilmington, NC 28401

located in the _____Eastern_____ District of _____North_____, there is now concealed *(identify the person or describe the property to be seized)*:

A black/navy Samsung, Model: SM-A102U, Possible IMEI: 3562711DL179909 located at 736 Medical Center Drive, Ste. 200, Wilmington, NC 28401 as set forth in the Search Warrant Affidavit Attachment A.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

☐ contraband, fruits of crime, or other items illegally possessed;

☐ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 21 USC § 841(a)(1) and 21 USC § 846; 21 USC § 841(a)(1) and 18 USC § 2 | conspiracy to distribute and possess with the intent to distribute more than 500 grams of cocaine distribution of a quantity of cocaine, aiding and abetting |

The application is based on these facts:
See attached affidavit.

☑ Continued on the attached sheet.

☐ Delayed notice of _____ days *(give exact ending date if more than 30 days:* _____ *)* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
Applicant's Signature

FBI Special Agent April Floyd
Printed name and title

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by
___Telephone___ *(specify reliable electronic means)*.

Date: July 13 2020

City and state: ~~Wilmington~~ New Bern, North Carolina

_____
Robert B. Jones Jr., US Magistrate Judge
Printed name and title

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

| IN THE MATTER OF THE SEARCH OF SUBJECT ELECTRONIC DEVICE DESCRIBED IN ATTACHMENT A | Case No. 7:20-mj-1151-RJ |
|---|---|

### AFFIDAVIT IN SUPPORT OF
### AN APPLICATION FOR A SEARCH WARRANT

I, Special Agent April Floyd, Federal Bureau of Investigation, being duly sworn, depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1. I make this affidavit in support of an application under Rule 41 of the Federal Rules of Criminal Procedure for a warrant to search for and seize fruits, evidence, and instrumentalities of multiple criminal violations; more particularly described in Attachment B, which is attached hereto and incorporated by reference, on the following electronic devices, more particularly described herein and in Attachment A ("DEVICE"), attached hereto and incorporated by reference:

    a. The following item was in the possession of DEON HAROLD BONEY at the time of his arrest on June 11, 2020, of which is currently in the possession of the Federal Bureau of Investigation, located at 736 Medical Center Drive, STE 200, Wilmington, NC, 28401:

        i. a black/navy Samsung cellular telephone
        ii. Model SM-A102U

1

iii. Possible IMEI: 3562711DL179909 (The IMEI which appears on the back of the cellular device is scratched; thus, partially obscuring the IMEI.)

2. The applied-for warrant would authorize the forensic examination of the DEVICE for the purpose of identifying electronically stored data particularly described in Attachment B.

3. Probable cause exists to believe that the requested information will constitute or lead to evidence concerning offenses involving violations of Controlled Substances Act, 21 U.S.C. § 841(a)(1), as well as the identification of individuals who are engaged in the commission of these offenses (hereinafter "Target Offenses").

4. I have personally participated in the investigation set forth below. I am familiar with the facts and circumstances of the investigation through my personal participation; from discussions with other agents and investigators; from my discussions with witnesses involved in the investigation; and from review of records and reports relating to the investigation. Unless otherwise noted, wherever in this affidavit I assert that a statement was made, the information was provided by another agent, law enforcement officer, or witness who may have had either direct or hearsay knowledge of that statement and to whom I or others have spoken or whose reports I have read and reviewed. Such statements are among many statements made by others and are stated in substance and in part unless otherwise indicated. Since this affidavit is being submitted for the limited purpose

2

of securing a search warrant authorizing the search of the aforementioned DEVICE, I have not included details of every aspect of the investigation. Facts not set forth herein are not being relied upon in reaching my conclusion that the requested order should be issued. Nor do I request that this Court rely on any facts not set forth herein in reviewing this application.

5. I am an investigative or law enforcement officer of the United States within the meaning of 18 U.S.C. § 2510(7), that is, an officer of the United States who is empowered by law to conduct investigations of, and to make arrests for, offenses enumerated in 18 U.S.C. § 2516.

6. I am a Special Agent with the Federal Bureau of Investigation. I am currently assigned to the Charlotte Division, Wilmington Resident Agency in Wilmington, North Carolina. I have been so employed since March of 2016. I am assigned to the Coastal Carolina Criminal Enterprise Task Force (CCCETF) where I have been assigned since August of 2016. Prior to employment with the FBI, I was a state law enforcement agent for four (4) years, in the State of North Carolina responsible for administering the Unauthorized Substances Tax. I was also a patrol officer at the Morehead City Police Department for one (1) year. I have over nine (9) years of law enforcement experience.

7. I routinely investigate violations of the federal criminal statutes. During my assignment, I have also spoken on numerous occasions with informants, suspects, and experienced investigators concerning the manner, means, methods, and

3

practices that criminals use to further the operation of their criminal enterprises and the most effective methods of investigating and dismantling such organizations.

## PRIOR WARRANT AND PROBABLE CAUSE

8. Federal agents were investigating BONEY for violations of the Controlled Substances Act, 21 U.S.C. § 841(a)(1), 21 U.S.C. § 846, and 18 U.S.C. § 2 pertaining to sales of illegal controlled substances. On May 13, 2020, this Court issued an arrest warrant for BONEY based on an indictment filed that same day by United States District Courts for the Eastern District of North Carolina Southern Division. See United States v. DEON HAROLD BONEY, No. 7:20-CR-00090-D-2.

9. On June 11, 2020, Federal Bureau of Investigation Special Agents (SA) and Task Force Officers (TFO) with FBI's Coastal Carolina Criminal Enterprise Task Force (CCCETF) along with the Duplin County Sheriff's Office (DCSO), arrested DEON HAROLD BONEY in the parking lot of Glendale Village Apartments, located near 124 Glendale Village, Wallace, NC 28466. BONEY had an active Federal warrant for distribution of cocaine and conspiracy to distribute and possess with intent to distribute 500 grams or more of cocaine. FBI Agents seized a black/navy Samsung, Model: SM-A102U, possible IMEI: 3562711DL179909 during the arrest of BONEY. BONEY identified the DEVICE as belonging to him during his arrest and during his processing by the United States Marshals.

10. From January, 2019 to June, 2020, the FBI's CCCETF in conjunction with the Duplin County Sheriff's Office, has been investigating BONEY for his illegal distribution of cocaine in the FBI Charlotte Division, Wilmington Resident Agency's

4

area of responsibility (AOR), which includes Duplin County, North Carolina. The Duplin County Sheriff's Office and the FBI utilized a documented confidential reliable source to conduct controlled purchases of cocaine from BONEY in Duplin County, North Carolina. The source made prior controlled purchases at the direction of law enforcement and provided information which law enforcement found to truthful. During the controlled drug purchases, BONEY used a cellular device to facilitate the illegal drug sales.

11. The DEVICE is currently stored at the Federal Bureau of Investigation office located at 736 Medical Center Drive, STE 200, Wilmington, NC 28401. In my training and experience, I know that the DEVICE has likely been stored in a manner in which their contents are, to the extent material to this investigation, in substantially the same state as they were when the DEVICE first came into the possession of the government.

12. As described further below, I submit that there is probable cause to believe that evidence of illegal drug distribution in violation of Title 21 U.S.C. § 841(a)(1), 21 U.S.C. § 846, and 18 U.S.C. § 2 will likely be found on the electronic storage device belonging to or used by BONEY.

13. Therefore, the government requests permission to search the electronic storage devices that was seized pursuant to BONEY's arrest on June 11, 2020.

14. The DEVICE is currently in the lawful possession of the Federal Bureau of Investigation and has been since June 11, 2020, when the DEVICE was taken by arresting Special Agents/Task Force Officers. Therefore, while the FBI might already

5



have all necessary authority to examine the DEVICE, I seek this additional warrant out of an abundance of caution to be certain that an examination of the DEVICE will comply with the Fourth Amendment and other applicable laws.

15. The DEVICE is currently in storage at the Federal Bureau of Investigation, located at 736 Medical Center Drive, STE 200, Wilmington, NC 28401. In my training and experience, I know that Devices similar to this DEVICE have been stored in a manner in which their contents are, to the extent material to this investigation, in substantially the same state as they were when the Devices first came into the possession of the FBI.

## TECHNICAL TERMS

16. Based on my training and experience, I use the following technical terms to convey the following meanings:

   a. Wireless telephone: A wireless telephone (or mobile telephone, or cellular telephone) is a handheld wireless device used for voice and data communication through radio signals. These telephones send signals through networks of transmitter/receivers, enabling communication with other wireless telephones or traditional "land line" telephones. A wireless telephone usually contains a "call log," which records the telephone number, date, and time of calls made to and from the phone. In addition to enabling voice communications, wireless telephones offer a broad range of capabilities. These capabilities include: storing names and phone numbers in electronic "address books;" sending, receiving,

6



and storing text messages and e-mail; taking, sending, receiving, and storing still photographs and moving video; storing and playing back audio files; storing dates, appointments, and other information on personal calendars; and accessing and downloading information from the Internet. Wireless telephones may also include global positioning system ("GPS") technology for determining the location of the device.

b. Digital Memory Cards: A digital memory card is a storage media to store recorded images, typically from a digital camera. Images can usually be retrieved by connecting the digital memory card to a separate reader.

17. Based on my training, experience, and research, I know that cellular telephone devices have capabilities that allow them to serve as a wireless telephone, digital camera, portable media player, GPS navigation device and PDA. In my training and experience, examining data stored on devices of this type can uncover, among other things, evidence that reveals or suggests who possessed or used the device.

## ELECTRONIC STORAGE AND FORENSIC ANALYSIS

18. Based on my knowledge, training, and experience, I know that electronic devices can store information for long periods of time. Similarly, things that have been viewed via the Internet are typically stored for some period of time on the device. This information can sometimes be recovered with forensics tools.

7

19. *Forensic evidence.* As further described in Attachment B, this application seeks permission to locate not only electronically stored information that might serve as direct evidence of the crimes described on the warrant, but also forensic evidence that establishes how the Devices were used, the purpose of their use, who used them, and when. There is probable cause to believe that this forensic electronic evidence might be on the Devices because:

   a. Data on the storage medium can provide evidence of a file that was once on the storage medium but has since been deleted or edited, or of a deleted portion of a file (such as a paragraph that has been deleted from a word processing file).

   b. Forensic evidence on a device can also indicate who has used or controlled the device. This "user attribution" evidence is analogous to the search for "indicia of occupancy" while executing a search warrant at a residence.

   c. A person with appropriate familiarity with how an electronic device works may, after examining this forensic evidence in its proper context, be able to draw conclusions about how electronic devices were used, the purpose of their use, who used them, and when.

   d. The process of identifying the exact electronically stored information on a storage medium that are necessary to draw an accurate conclusion is a dynamic process. Electronic evidence is not always data that can be merely reviewed by a review team and passed along to

8

investigators. Whether data stored on a computer is evidence may depend on other information stored on the computer and the application of knowledge about how a computer behaves. Therefore, contextual information necessary to understand other evidence also falls within the scope of the warrant.

e. Further, in finding evidence of how a device was used, the purpose of its use, who used it, and when, sometimes it is necessary to establish that a particular thing is not present on a storage medium.

20. *Nature of examination.* Based on the foregoing, and consistent with Rule 41(e)(2)(B), the warrant I am applying for would permit the examination of the device consistent with the warrant. The examination may require authorities to employ techniques, including but not limited to computer-assisted scans of the entire medium, that might expose many parts of the device to human inspection in order to determine whether it is evidence described by the warrant.

21. *Manner of execution.* Because this warrant seeks only permission to examine a device already in law enforcement's possession, the execution of this warrant does not involve the physical intrusion onto a premise. Consequently, I submit there is reasonable cause for the Court to authorize execution of the warrant at any time in the day or night.

[Remainder of Page Intentionally left blank]

## CONCLUSION

22. Based on the evidence listed above, the Affiant respectfully submits that there is probable cause to find that evidence of violations of Title 21 U.S.C. § 841(a)(1), 21 U.S.C. § 846, and 18 U.S.C. § 2 are located on the DEVICE.

23. Therefore, I respectfully request that the attached warrant be issued authorizing the search of the items listed above.

Respectfully submitted,

April Floyd
Special Agent, FBI
Charlotte Division
Wilmington Resident Agency

Pursuant to Rule 4.1 of the Federal Rules of Criminal Procedure, the affiant appeared before me via reliable electronic means, was placed under oath and attested to the contents of this Affidavit.

Date/Time: July 13, 2020 10:56 am
City & State: ~~Wilmington, NC~~

Robert B. Jones, Jr.
United States Magistrate Judge

10



## ATTACHMENT A

### Property to be Searched:

- A black/navy Samsung, Model: SM-A102U, possible IMEI: 3562711DL179909 (hereinafter referred to as the "SUBJECT DEVICE").

11

## ATTACHMENT B

## ITEMS TO BE SEIZED:

A. Evidence, Fruits, and Instrumentalities of the Subject Offenses: The items to be seized from the SUBJECT DEVICE include the following evidence, fruits, and instrumentalities of violations of violations of Title 21 U.S.C. § 841(a)(1), 21 U.S.C. § 846, and 18 U.S.C. § 2.

- All digital content, to include call history, SMS/MMS history, contacts, website search history, videos, photos, content from social media sites, to include Facebook, Facebook messenger, Snapchat, Instagram, WhatsApp and others, stored communications including voicemail, and any content not listed which would reveal evidence of the aforementioned violations of federal law.

12

